UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------
: 
OKLAHOMA FIREFIGHTERS PENSION :
AND RETIREMENT SYSTEM, :
*Individually and on Behalf of All Others* :
*Similarly Situated*, :
: 17cv5543
Plaintiff, :
: <u>FINAL JUDGMENT</u>
-against- :
:
LEXMARK INTERNATIONAL, INC., :
PAUL A. ROOKE, DAVID REEDER, *and* :
GARY STROMQUIST, :
:
Defendants. :
: 
---------------------------------------------

WILLIAM H. PAULEY III, Senior United States District Judge:

WHEREAS, a consolidated class action is pending in this Court entitled *Oklahoma Firefighters Pension and Retirement System v. Lexmark International, Inc.*, Civil Action No. 17-cv-5543 (the "Action");

WHEREAS, (a) Lead Plaintiff Oklahoma Firefighter Pension and Retirement System, on behalf of itself and the Class, and (b) defendants Lexmark International, Inc., Paul A. Rooke, David Reeder, and Gary Stromquist (collectively, the "Individual Defendants," together with Lexmark, the "Defendants"; and together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated as of May 8, 2020 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approvement of this Court (the "Proposed Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms

herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated June 17, 2020, (the "Preliminary Approval Order"), this Court (a) preliminarily approved the Proposed Settlement; (b) ordered that notice of the Proposed Settlement be provided to the Class; (c) provided Class Members with the opportunity to object the Proposed Settlement; and (d) scheduled a hearing regarding final approval of the Proposed Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on December 16, 2020 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Proposed Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Proposed Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Proposed Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on May 8, 2020, (ECF No. 122); and (b) the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), Summary

Notice, and Declaration of the Claims Administrator filed with this Court on October 28, 2020, (ECF No. 142).

        3.    **Class Certification** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Preliminary Approval Order and certifies for purposes of settlement only a Class defined as all those who purchased or otherwise acquired Lexmark common stock between August 1, 2014 and July 20, 2015, inclusive, and were damaged thereby. Excluded from the Class are Defendants, the officers and directors of Lexmark at all relevant times, members of their immediate families, and any entity in which any Defendant owns a greater than 50% equity interest, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class. Following notice to the Class, none have done so.

        4.    **Prerequisites for Class Action** – This Court hereby affirms its determinations in the Preliminary Approval Order and finds, for the purposes of settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. **Class Representative** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally appoints Lead Plaintiff District No. 9, I.A. of M & A.W. Pension Trust as Class Representative for the Class and Robbins Geller Rudman & Dowd LLP as Class Counsel for the Class.

6. **Settlement Notice** – The Court finds that the dissemination of the Settlement Notice and the publication of the Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order, (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the Proposed Settlement; (ii) Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses; (iii) their right to object to any aspect of the Proposed Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses; and (iv) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Proposed Settlement, and €satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules.  There have been no objections to the Proposed Settlement.

7. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedures, this Court hereby fully and finally approves the Proposed Settlement set forth in the Stipulation in all respects and finds that:

(a) The Stipulation and Settlement contained therein, are, in all

respects, fair, reasonable, adequate, and in the best interest of the Class;

    (b) There was no collusion in connection with the Proposed Settlement;

    (c) The Proposed Settlement was the product of informed, arm's-length negotiations among competent, able counsel; and

    (d) The record is sufficiently developed and complete to have enabled the Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

  8. Accordingly, the Court authorizes and directs implementation and performance of all terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

  9. **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

  10. **<u>Releases</u>** – The Releases set forth in Section 4 of the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein by reference.  Accordingly, this Court orders that:

    (a) Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall be deemed to have, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all Released Claims (including Unknown Plaintiffs' Claims) against the

Released Persons, whether or not such Class member executed and delivered the Proof of Claim and Release form or shares in the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

        (b)    Lead Plaintiff and all Class Members, and anyone claiming through or on behalf of any of them, are hereby forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Persons.

        (c)    Upon the Effective Date, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Lead Plaintiff's counsel from all claims and causes of action of every nature and description (including Unknown Defendants' Claims) whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the Proposed Settlement.

        11.    Upon the Effective Date, any and all Persons are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim where the alleged injury to that Person is that Person's actual or threatened liability to the Class or a Class Member in the Action), arising out of, based upon, relating to, concerning, or in connection with the Released Claims, against each and every one of the Released Persons, whether arising under state, federal, local, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in

the Action or any separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum; and the Released Persons are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim where the alleged injury to the Released Person is that Released Person's actual or threatened liability to the Class or a Class Member in the Action) arising out of, based upon, relating to, concerning, or in connection with the Released Claims, against any person other than a Person whose liability to the Class has been extinguished pursuant to the Proposed Settlement and Judgment, whether arising under state, federal, local, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in the Action or any separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum.  Notwithstanding the foregoing, nothing herein shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation, the Settlement, or the Judgment.

        12.    **No Admissions** – Neither this Judgment, the Stipulation, nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of

7

res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

        13.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, charges, and expenses, and interest in the Litigation, as well as any award to the Lead Plaintiff to 15 U.S.C. §78u-4(a)(4); (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation; (e) the Class Members for all matters relating to the Litigation; and (f) other matters related or ancillary to the foregoing.  The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.  A separate order shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses.  This order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

        14.    **Non-Occurrence of the Settlement** – In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and the Settlement Fund shall be returned in accordance with the Stipulation.

15. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out the provisions of the Stipulation.

16. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directly to immediately enter this final judgment in this Action.

Dated: January 7, 2021
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.